THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROMEO DRAWN, an individual and Roes I-X, <br><br> Plaintiff, <br><br> v. <br><br> UTAH STATE BOARD OF EDUCATION, a political subdivision of the State of Utah, SALT LAKE CITY SCHOOL DISTRICT, political subdivision of the State of Utah, WEST HIGH SCHOOL, a political subdivision of the State of Utah and ROES I-X, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND <br><br> Case No. 2:24-cv-374 HCN DBP <br><br> District Judge Howard C. Nielson, Jr <br><br> Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Amend Complaint.[1] The proposed Fourth Amended Complaint "has been updated in response to issues raised in the Defendant's Motion to Strike Amended Complaint."[2] On March 16, 2026, the court granted Defendant's Motion to Strike Plaintiff's Amended Complaint.[3] As set forth herein the court denies Plaintiff's Motion to Amend.

## BACKGROUND

On September 21, 2022, Plaintiff was hired as a student security employee at West High School. Mr. Drawn alleges he experienced harassment from students who used slurs against him about his race and sexual orientation. Despite reportedly complaining about these issues to

---

[1] Motion to Amend Plaintiff's Complaint, ECF No. 38. This matter is referred to the undersigned from Judge Howard Nielson under 28 U.S.C. § 636(b)(1)(A) for consideration. ECF No. 45.

[2] *Id.* at 1-2.

[3] Docket Text Order, ECF No. 41.

school authorities, nothing changed. Eventually on December 13, 2022, he was placed on unpaid administrative leave and then terminated on January 26, 2023. As a result, Plaintiff claims school authorities unlawfully discriminated against him in violation of Title VII of the Civil Rights Act of 1964.

Plaintiff claims the proposed Fourth Amended Complaint is needed given new information that came from testimony offered before the Utah Legislature's Rules Review and General Oversight Committee on September 24, 2025, concerning violence on school campuses. This includes testimony from Jared Wright who expressed concerns regarding school safety about West High after a student was stabbed in 2023. The statements made before the Committee, according to Plaintiff, appear to "vindicate the Plaintiff's repeated and consistent complaint that there was a culture of indifference towards the violence and discrimination on campus with respect to students and school staff members."[4]

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend. It provides a "party may amend its pleading only with the opposing party's written consent or the court's leave."[5] "The court should freely give leave when justice so requires."[6] When considering whether to allow an amendment to a complaint, courts consider several factors including undue prejudice to the defendant, undue or inexplicable delay, bad faith or dilatory motive, futility of amendment, and failure to cure deficiencies by amendments previously allowed.[7] In the Tenth Circuit, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny

---

[4] Motion at 3.

[5] Fed. R. Civ. P. 15(a).

[6] *Id.*

[7] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

leave to amend, ...."[8] The court may also deny leave to amend where an amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[9]

Here, Plaintiff's proposed amended complaint is brought in "response to issues raised in the Defendant's Motion to Strike Amended Complaint"[10] that the court already granted. Defendant raises the same arguments in response to the proposed Fourth Amended Complaint as those made in the Motion to Strike – that it is untimely and futile.[11] The deadline to file a motion to amend the complaint was July 18, 2025, in the Parties' stipulated scheduling order.[12] Plaintiff filed the current motion nearly four months later on November 29, 2025. Plaintiff has offered no adequate explanation for the delay. Rather, Plaintiff cursorily points to testimony offered in September 2025 by Jared Wright and Sarah Thomas before the Utah Legislature's Rules Review and General Oversight Committee. This is inadequate. There is nothing offered about facts that Plaintiff knew or should have known that could have been included in the original complaint. And Plaintiff fails to persuade the court that testimony offered regarding incidents approximately nine months after Plaintiff's employment are somehow relevant to his claims. Because Plaintiff's motion was untimely and there is nothing offered that adequately explains that untimeliness, the court denies the motion to amend.

Because the court finds Plaintiff's Motion untimely, it does not address Defendant's arguments concerning futility. Finally, the court notes that this matter is currently stayed for

---

[8] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing cases).

[9] *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999).

[10] Motion to Amend Plaintiff's Complaint at 1-2.

[11] *See* Defendant's Motion to Strike Plaintiff's Amended Complaint, ECF No. 30.

[12] Stipulated Scheduling Order at 4, ECF No. 26.

Plaintiff to obtain new counsel or enter an appearance to proceed pro se. There is nothing in that stay that prevents the court from entering a decision on Plaintiff's Motion to Amend. Indeed, this may better assist new counsel in ascertaining the current procedural posture of the case.

**ORDER**

Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED.

DATED this 28 May 2026.

_____
Dustin B. Pead
United States Magistrate Judge